# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL<br>INSURANCE COMPANY, | )<br>) | Case No. 5:17CV2013 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| OHIO EDISON COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion in limine of Plaintiff Frankenmuth Mutual Insurance Company ("Frankenmuth") to exclude Defendant Ohio Edison Company's ("Ohio Edison") anticipated introduction of certain evidence of reasonable cost of repairs and/or fair market value of the Everett Building. Specifically, Frankenmuth seeks to exclude: (1) federal income tax reporting records; (2) Summit County, Ohio real estate assessment records; and (3) a Frankenmuth valuation report as evidence of reasonable cost of repairs and/or fair market value. The Court has considered Frankenmuth's motion and Ohio Edison's opposition thereto. For the following reasons, the motion (Doc.24) is DENIED.

## I.    BACKGROUND

A detailed account of the background in this case is stated in the Court's prior orders. Accordingly, the Court will not recount that background in full here.

In brief, this matter arises from a fire that occurred on December 12, 2016 at the Everett Building located at 39 East Market Street, Akron, Ohio (the "Everett Building"). The fire damaged both the Everett Building and the adjacent Hermes Building located at 43 East Market Street (the "Hermes Building"). Both the Everett Building and the Hermes Building are owned

1

by Pointe View, Ltd. ("Pointe View"), and insured by Frankenmuth.  *See* Amended Compl. ¶¶ 6-7.  Ohio Edison supplied electricity and electrical services to both the Everett Building and the Hermes Building.  *Id.* at ¶¶ 8-9.

The fire originated from within a wall-mounted power tap box located in the basement electrical room of the Everett Building.  *See id.* at ¶ 11.  The power tap box contained the Ohio Edison conduit and secondary power supply lines (also known as phase conductors) which were connected inside the power tap box to wiring which then ran from the power tap box to various connections in the basement electrical room in order to supply electric power to the Everett Building.  *See id.* at ¶ 15.  The post-fire loss investigation revealed that the fire was caused by the failure of the power supply line wiring and connections within the power tap box.

Frankenmuth now seeks subrogated recovery against Ohio Edison for the damages sustained by its insured Pointe View, for which Frankenmuth paid Pointe View pursuant to the insurance policy Frankenmuth issued to Pointe View.  *See id.* at ¶¶ 25-28.  Frankenmuth pursues recovery on the alleged basis that Ohio Edison failed to properly investigate, inspect, address, repair and replace the power tap box, and the power supply wiring and connections within the power tap box, when Ohio Edison was called to the Everett Building and went into the basement electrical room during the week prior to the fire in response to reports of smoke and flickering lights.  *See id.* at ¶¶ 16-24.  Frankenmuth argues that, in doing so, Ohio Edison failed to recognize and address the conditions which led to the electrical fault and subsequent fire.  *See id.* Ohio Edison denies liability.

Frankenmuth anticipates that Ohio Edison will attempt to introduce evidence on damages, and specifically evidence of the reasonable cost of repairs and/or fair market value of the Everett Building, consisting of: (1) federal income tax reporting records; (2) Summit County,

Ohio real estate assessment records; and (3) a Frankenmuth valuation report. In its motion in limine, Frankenmuth seeks to exclude this evidence as irrelevant under Federal Rules of Evidence 401 and 402, and as more prejudicial than probative under Federal Rule of Evidence 403. The Court turns to the merits of Frankenmuth's motion.

## II.      LEGAL STANDARD

The threshold requirement for admissibility of evidence is whether it is relevant. Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. The corollary is that irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Federal Rule of Evidence 403 addresses circumstances under which the Court may exclude relevant evidence. Rule 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.     DISCUSSION

In this case, the damage to the Everett Building and the Hermes Building as a result of the fire was not permanent. Instead, both buildings were restored to their original condition. Frankenmuth, as subrogee of Pointe View, seeks to recover the reasonable cost of the necessary repairs.

Ohio law is clear that damage to commercial property should be valued in reference to the fair market value of the property. The Ohio Supreme Court has set forth the black-letter syllabus law regarding the proper measure of damages for injury to real property:

> If the injury is of a permanent or irreparable nature, the
> measure of damages is the difference in the market value of

> the property as a whole, including the improvements
> thereon, before and after the injury.  If the injury is
> susceptible of repair, the measure of damages is the
> reasonable cost of restoration, plus reasonable compensation
> for the loss of the use of the property between the time of
> the injury and the restoration, unless such cost of restoration
> exceeds the difference in the market value of the property
> before and after the injury, in which case the difference in
> market value becomes the measure.

*Ohio Collieries s Co. v. Cocke*, 107 Ohio St.238 (1923).  The *Collieries* rule is routinely applied

in cases involving damage to commercial property, and is reflected in the joint jury instructions

proposed by the parties in this matter.  As applied, the rule means that a successful plaintiff is

entitled to reasonable repair costs plus direct incidental damages, *or* diminution in the fair market

value of the property due to the accident, whichever is lower.  *See id.*

Here, Frankenmuth claims that the "relevant" evidence shows that the Everett Building

and the Hermes Building had a fair market value, not including the loss of rents, of

$4,541,151.69.  (Doc. 24, pp. 3-4.)  Frankenmuth contends that the jury should consider the

relevant evidence of fair market value in relation to the costs of repair of the Everett Building

and the Hermes Building, without explaining in its motion what the universe of relevant

evidence would be.  (Doc. 24, p. 24.)

Frankenmuth further argues that that federal income tax records submitted for the Everett

Building, "and in particular one of [the] federal income tax records" showing a $2,000,000 stated

value, should be excluded because "valuation of commercial income generating property for

federal income tax reporting purposes has nothing to do with the determination of the fair market

value of property in the real estate market."  Frankenmuth contends that this is "readily

demonstrated" by the tax records themselves.  (Doc. 24, p. 4.)

Frankenmuth also seeks to exclude Summit County real estate tax assessment records for the Everett Building, which state an "appraised value" for the Everett Building of $708,250.00, and a "taxable value" of $247,890.00. Frankenmuth argues that the "appraised value" and "taxable value" are irrelevant because there is no foundation laid for the determinations within the assessment records themselves. Frankenmuth further argues that the real estate tax records would be more prejudicial than probative.

Lastly, Frankenmuth moves to exclude from evidence a Frankenmuth valuation report that reflects an estimated replacement cost value of $4,962,137.76, and an actual cash value of $798,054.96. Frankenmuth advances the theory that this document, which is "utilized by Frankenmuth for evaluating the insurance coverage and values specific to insurance coverage for properties it insures as per policy requirements," has "nothing to do with fair market valuation of the Everett Building at the time of the fire loss." (Doc. 24, p. 7.)

Ohio Edison counters that all of the documents Frankenmuth seeks to exclude are relevant regarding the issue of damages, and in particular fair market value, because they were collected by Frankenmuth's own witnesses as part of their analysis of the insurance claim. Ohio Edison argues that Frankenmuth cannot be permitted to let these witnesses testify regarding damages without permitting Ohio Edison to cross examine the very same witnesses with documents that come from their files or files belonging to Pointe View. (Doc. 28, p. 7.) Ohio Edison argues that "Frankenmuth significantly overpaid in settling Pointe View's insurance claim vis-à-vis the measure for third-party tort claims" and is now "trying to prohibit Ohio Edison from demonstrating this fact using documents and data from Frankenmuth's and ultimately Pointe View's own files." (*Id*., p. 2.)

With respect to the federal income tax records and related documents, Ohio Edison explains that Frankenmuth hired a company called Vericlaim to assist in analyzing Pointe View's putative insurance claim. As part of analyzing the claim, Frankenmuth and Vericlaim gathered certain information from Pointe View, including Pointe View's tax records for tax year 2015, which were prepared in the fall of 2016, just before the fire. According to Ohio Edison, "[t]here is no better information concerning the valuation and income details surrounding Pointe View and the Everett and Hermes building than these tax documents * * * prepared prior to the fire – without the taint of pending litigation incentivized to drive figures higher – and submitted under penalty of perjury." (*Id.*, p. 6.) Ohio Edison contends that all of the information in these documents is relevant to exploring the reasonableness of Frankenmuth's claimed damages (regarding both the reasonableness of repairs in the first instance, and the diminution in fair market value). (*Id.*)

Regarding the Summit County assessment records, Ohio Edison points out that these documents were part of Frankenmuth's own adjusting file, and were authenticated at deposition by the owner of the buildings at issue. Thus, according to Ohio Edison, "this piece of information was relevant to Frankenmuth's team to at least consider as part of adjusting the claim." (*Id.*, p. 5.)

Ohio Edison also argues that Frankenmuth's own valuation report is directly relevant to the issue of damages. According to Ohio Edison, Frankenmuth produces a "Valuation Report" estimating the value of the property at issue (here, the Everett Building). The Valuation Report offers two conclusions: (1) an "Estimated Replacement Cost" representing the cost to rebuild the entire building from scratch, and (2) an "Actual Cash Value." Allegedly, an insured can choose to have its property insured at either number. Frankenmuth estimated the "actual cash value" of

the Everett Building at $798,054.96. Citing Ohio case law, Ohio Edison argues that "actual cash value" is a term of art in insurance law, meaning either fair market value, or the cost of repairs minus depreciation. Thus, Ohio Edison posits that the Frankenmuth Valuation Report is inarguably relevant to Frankenmuth's claim for damages, both as to the reasonableness of the cost of repairs in the first instance, and as to estimating the diminution in fair market value that serves as a cap on the cost of repairs. (*Id.*)

The Court agrees with Ohio Edison that the documents at issue – the federal income tax records, the Summit County assessment records, and Frankenmuth's Valuation Report – are relevant to the issue of damages in this matter. It is undisputed that the documents were obtained from the files of Pointe View and/or Frankenmuth's witnesses. At a minimum, Ohio Edison should be permitted to examine witnesses at trial about the documents' presence in the files and their relationship to cost of repairs and the diminution of fair market value. The Court does not agree, with respect to any of the records, that they are irrelevant on their face. Nor should they be excluded at this juncture for lack of foundation, though such objection may be renewed at trial. With respect to Frankenmuth's Valuation Report, inclusive of its estimated "actual cash value," it is a document created by the plaintiff for purposes of assessing the value of the claim, and therefore is directly relevant to the damages at issue. Though Frankenmuth insists that the report, the tax records, and the assessment are irrelevant, Frankenmuth has not cited any caselaw whatsoever to support its position under these circumstances. Accordingly, the records at issue are admissible under Federal Rules of Civil Procedure 401 and 402.

Likewise, the Court cannot conclude that introducing the records into evidence would be more prejudicial than probative, so as to render them inadmissible under Rule 403. Although tax and real estate assessment records are not dispositive of cost of repairs or fair market value

before or after the fire, they contain some information that the jury may consider. Similarly, the Frankenmuth Valuation Report contains valuations that the jury may weigh as it sees fit to determine damages. If Frankenmuth believes that the information contained in these documents is wholly unrelated to the reasonableness of repairs and/or the diminution of fair market value, Frankenmuth is free to elicit that testimony from the witnesses at trial. A jury should be able to sort through the competing and sometimes complicated evidence and testimony without undue confusion.

For all of these reasons, Frankenmuth's motion in limine to exclude tax records, real estate assessment records, and Frankenmuth's Valuation report is denied. The records are admissible at trial under Federal Rules of Evidence 401, 402, and 403.

## IV.     **CONCLUSION**

For the reasons stated, the Court DENIES Frankenmuth's motion in limine (Doc. 24) to exclude: (1) federal income tax reporting records; (2) Summit County, Ohio real estate assessment records; and (3) a Frankenmuth valuation report as evidence of reasonable cost of repairs and/or fair market value of Pointe View's property damaged in the fire. These records are admissible at trial under Federal Rules of Evidence 401, 402, and 403.

**IT IS SO ORDERED.**

s/John R. Adams_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

**DATED**:  __10/11/18_____